UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  15-20353-CIV-GAYLES/TURNOFF

**JOSE AGUIRRE**,

    Plaintiff,

vs.

**DRAFTKINGS, INC.**,

    Defendant.

_____/

## **ORDER**

**THIS CAUSE** came before the Court *sua sponte*.  The Court has reviewed the record, arguments of counsel, and the applicable law.

Defendant DraftKings, Inc. ("Defendant") operates an online fantasy sports gambling website.  To use Defendant's website, Plaintiff Jose Aguirre ("Plaintiff") was required to review and accept the Terms of Use (the "Agreement").  Plaintiff did so by clicking a box stating "I agree to the Terms of Use and the Privacy Policy."  The Agreement sets forth the conditions of participation, guidelines for prizes, and other rules for the contests.  In addition, the Agreement has two sections relating to litigation of disputes.  The first, titled "Arbitration, Consent to Jurisdiction in Massachusetts, Attorney's Fees" (the "Arbitration Section"), begins on page 7 and continues on page 8 and provides:

> Any and all disputes, claims or controversies arising out of or relating to this Agreement, the breach thereof, or any use of the Website (including all commercial transactions conducted through the Website) ("Claims"), except for claims filed in small claims court that proceed on an individual (non-class, non-representative) basis, shall be settled by binding arbitration before a single arbitrator appointed by the American Arbitration Association  . . . In agreeing to arbitrate all Claims, you and DraftKings waive all rights to trial by jury in any action or proceeding involving any Claim.  The arbitration shall be held in Suffolk County, Massachusetts  . . .

. . .

> For any Claims that are not subject to arbitration: (a) the exclusive jurisdiction and venue for proceedings involving Claims shall be the courts of competent jurisdiction sitting within Suffolk County, Massachusetts . . .

*See* Agreement at 7-8.

The second section of the agreement that relates to litigation or disputes immediately follows the Arbitration Section, titled "Miscellaneous," begins on page 8 and provides:

> These Terms of Use shall be governed by the internal substantive laws of the Commonwealth of Massachusetts, without respect to its conflict of laws principles. Any claim or dispute between you and DraftKings that arises in whole or in part from the Terms of Use, the Website or any Contest shall be decided exclusively by a court of competent jurisdiction located in Suffolk County, Massachusetts. . .

*See* Agreement at 8.

On January 29, 2015, Plaintiff filed his class action complaint against Defendant, alleging claims for false advertising and fraud. Defendant has moved to compel arbitration based on the arbitration provision in the Agreement. However, the Agreement's forum selection provisions mandate that this action proceed in Suffolk County, Massachusetts.[1] Accordingly, this Court exercises its inherent authority to transfer this action to the United States District Court for the District of Massachusetts. *See Lurie v. Norwegian Cruise Lines, Ltd.*, 305 F.Supp.2d 352, 356-57 (S.D.N.Y. 2004) ("[a] district court may elect to transfer an action to a forum permitted by the applicable [forum selection] clause rather than dismiss the case . . . *sua sponte* . . .").

Based on the foregoing, it is

---

[1] The Court notes that a similar class action against Defendant is pending in the District of Massachusetts. *See Gardner v. DraftKings, Inc.*, Case No. 15-cv-12320-RWZ.

**ORDERED AND ADJUDGED** that this action shall be **TRANSFERRED** to the United States District Court for the District of Massachusetts.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of September, 2015.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE